GUARDIANSHIP OF A MINOR (No. 1). March 26, 1981. So much of the judgment entered on November 20, 1978, as appoints the petitioner the permanent guardian with custody of Catherine (the child) is reversed, and the case is remanded to the Probate Court for the prompt conduct of a further evidentiary hearing, for the prompt filing of findings of fact on the current parental fitness or unfitness of the child's mother (see *Custody of a Minor [No. 1],* 377 Mass. 876, 882-883 [1979]; *Bezio* v. *Patenaude,* 381 Mass. 563, 570 n.6, 577, 579 [1980]), and for updated findings of the best interests of the child (see *Petition of the New England Home for Little Wanderers,* 367 Mass. 631, 633, 636-641 [1975]; *Bezio* v. *Patenaude,* 381 Mass. at 576-577). Unless the child's father has filed his written consent to the proposed guardianship (see G. L. c. 201, § 5, as most recently amended by St. 1978, c. 381, § 1), it is to be made clear on the record that he has been given proper notice of the proceedings (*Bezio* v. *Patenaude,* 381 Mass. at 567 n.3, 580 n.12), and there must be findings as

to his *current* parental fitness or unfitness. No further judgment shall be entered unless it is preceded by the filing of the required findings, as well as the judge's conclusions of law on those findings. Mass.R.Dom. Rel.P. 1 and 52(a). *Cennami* v. *Department of Pub. Welfare*, 5 Mass. App. Ct. 403, 415 (1977). The custody of the child during the pendency of the further proceedings is to be in the discretion of the Probate Court.

*So ordered.*

*Joan C. Stoddard*, Assistant Attorney General (*Joseph Roman* with her) for Department of Public Welfare & another.

*Paul A. Finn* (*Mark H. Stone* with him) for the petitioner.